## Commonwealth v. Herr and Frecht.

*Resignation of magistrate—Return of complaint after resignation.*

A magistrate cannot, after he has resigned his commission, return to court a complaint in which he had, before his resignation, on hearing, held the defendant to answer in court and taken bail.

Indictment for maintaining gambling device. Motion to quash indictment. Q. S. Lancaster Co., April Sess., 1923, No. 3.

*John E. Malone*, for motion; *W. C. Rehm*, District Attorney, contra.

LANDIS, P. J., June 23, 1923.—A complaint was made before Alderman Roy Y. Showers, charging the defendants with setting up, establishing and maintaining a device known as a slot-machine, dice, tables, at which money or other valuable things were staked or played for and betted upon. A hearing was duly had, and the defendants were held to answer at court, and bail for their appearance was duly taken. The said alderman resigned his commission, and, after having done so, he filed his return to this court. The only question insisted upon is that he could not make a return of the case after he had ceased to hold his office.

Presumptively, no one who occupies a public office of the State can perform an act attached to his office after he has ceased to occupy his official position. Where an alderman holds a defendant in bail to answer at the next Court of Quarter Sessions, he must return the case to the office of the Clerk of that court in the time fixed by the statute. The Act of May 8, 1854, P. L. 678, provides that "the alderman and the justices of the peace of the several counties of this Commonwealth shall be required to return to the Clerk of the Court of Quarter Sessions of the Peace of the respective counties all the recognizances entered into before them . . . at least ten days before the commencement of the session of the court to which they are made returnable respectively." &c.; and by the Act of Feb. 20, 1833, § 1, P. L. 52, and the Act of April 21, 1846, § 6, P. L. 432, the dockets of all aldermen and justices of the peace are to be delivered to some neighboring alderman or justice, or to the successor in office, in case there be one. In this instance, the case was heard on March 27, 1923, the return was filed on April 10, 1923, and the term began on Monday, April 16, 1923, on which day the indictment was also presented to the grand jury and a true bill was found.

We are of the opinion that, as Showers was then no longer an alderman, he could not make a lawful return. The indictment is, therefore, quashed.

Motion sustained.

From George Ross Eshleman, Lancaster, Pa.